IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES CARTER, TDOC #258642, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:10-0058 |
| v. ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| ) | |
| RICKY BELL, GEORGE LITTLE, ) | |
| DALE HUNT, AND JASON KRUSE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss filed by Defendants Ricky Bell and George Little. Docket No. 25. In support of that Motion, Defendants Bell and Little have filed an accompanying Memorandum of Law. Docket No. 25-1. Defendants Bell and Little argue that this action must be dismissed against them pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because; (1) Plaintiff has failed to allege sufficient personal involvement or exercise of control by them to sustain an individual capacity claim against them; (2) Plaintiff's suit against them in their official capacities is deemed to be a suit against the State, which is not a "person" for 42 U.S.C. § 1983 purposes; and (3) Plaintiff's suit against them in their official capacities is deemed to be a suit against the State, and the Eleventh Amendment bars suits against state officials in their official capacities. *Id.*

1

Plaintiff has not responded to Defendants' Motion to Dismiss.

Plaintiff filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth and Fourteenth Amendment rights. Docket No. 1. The allegations of Plaintiff's Complaint, in their entirety, are as follows:

> On 8-27-09 while assigned to Unit 5 RMSI between the hours of 5:15 p.m. and 6:20 p.m. I was called to Sgt. Dale Hunt office by CO Jason Kruse. When I arrived at Sgt. Hunt office he started berating me about a sexual misconduct write-up that I had received, Sgt. Hunt proceeded to calling me names such as baby rapist this was unprofessional conduct on his part. Said Sgt. Initiated an attack on me that CO Kruse joined, in the Process my 8th and 14th amendment rights to the U.S. Const. were violated. I am enclosing in this litigation copies of all documentation concerning this incident. The warden at this facility dismissed the write-up that Sgt. Hunt fabricated on me for assault on staff, both officers violated TDOC policies and law, policies are 506.07-1 RMSI, 506.07 TDOC, 302.08 TDOC, 107.02, Posted order Unit 5 and TCA 39-16-402. I am not an attorney, I hope and pray that the court appoint me an attorney in this incident, I am illiterate to the law, but I do know that this was not the first time that Sgt. Hunt violated an inmates constitutional guaranteed rights. George Little is the Commissioner of the TDOC, thus he has control over officers in the TDOC and their behavior. Warden Bell is these officers immediate supervisor thus he is ultimately responsible for their behavior thus; both the warden and the commissioner are liable under this action. Let me reiterate that I am illiterate to the law I pray that this court appoint me an attorney to help with this litigation.

*Id.*

Plaintiff seeks a "reprimand" of the Commissioner, a "reprimand" of the Warden, dismissal of both Sgt. Hunt and CO Kruse, and $100,000 in damages from each Defendant. *Id.*

For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

## II. Analysis

**A. Fed. R. Civ. P. 12(b)(1) and 12(b)(6)**

Defendants assert Fed. R. Civ. P. 12(b)(1) and 12(b)(6) as grounds for their Motion to Dismiss. Docket No. 25. Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction, while Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The Court will focus on the Rule 12(b)(6) Motion.

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

3

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,*

4

474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## C. The Case at Bar

### 1. Defendant Ricky Bell

Plaintiff sues Defendant Ricky Bell, Warden of Riverbend Maximum Security Institution ("RMSI"), in his individual and official capacities, because he "is these officers immediate supervisor thus he is ultimately responsible for their behavior," and, apparently, because he allegedly "dismissed the write-up that Sgt. Hunt fabricated on [Plaintiff] for assault on staff." Docket No. 1. Section 1983 liability, however, cannot be predicated upon the theory of *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for Defendant Bell to be held liable in his individual capacity, Plaintiff must demonstrate that Defendant Bell personally condoned, encouraged, or participated in the conduct that allegedly violated Plaintiff's rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-74 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory

5

allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). Plaintiff, however, fails to demonstrate personal involvement by Defendant Bell in the conduct which allegedly violated his rights. Because Plaintiff has not alleged any facts to support an argument that Defendant Bell "personally condoned, encouraged, or participated in" the alleged assault upon him, Defendant Bell cannot be held personally liable.

To the extent that Plaintiff may be attempting to assert an individual liability claim against Defendant Bell for "dismiss[ing] the write-up that Sgt. Hunt fabricated on [Plaintiff] for assault on staff," Plaintiff cannot sustain his claim because dismissing a write-up did not violate any rights of Plaintiff, and Plaintiff did not suffer any damages as a result of the dismissal of a write-up against him.

With regard to Plaintiff's official capacity claims against Defendant Bell, in complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

Defendant Bell, as an employee of the Tennessee Department of Correction, represents

6

the State of Tennessee.  Thus, inasmuch as Plaintiff brings the instant § 1983 claims against Defendant Bell in his official capacity, Defendant Bell stands in the shoes of the State of Tennessee.  The law is well-settled that a state is not a "person" within the meaning of  § 1983.  *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Clark v. Kentucky*,  229 F.Supp.2d 718, 722 (E.D. Ky. 2002).  Accordingly, Plaintiff cannot maintain his § 1983 official capacity claims against Defendant Bell.

Because Plaintiff can sustain neither his individual nor his official capacity claims against Defendant Bell, Plaintiff's claims against Defendant Bell should be dismissed, and Defendant Bell should be terminated as a party in this case.

## 2.  Defendant George Little

Plaintiff sues Defendant George Little, Commissioner of the Tennessee Department of Correction, in his individual and official capacities, because he "is the Commissioner of the TDOC, thus he has control over officers in the TDOC and their behavior."   Docket No. 1.  As has been discussed, however, section 1983 liability cannot be predicated upon the theory of *respondeat superior*.  *Polk County*, 454 U.S. at 325; *Monell*, 436 U.S. at 694 *Street,* 102 F.3d at 818.  In order for Defendant Little to be held liable in his individual capacity, Plaintiff must demonstrate that Defendant Little personally condoned, encouraged, or participated in the conduct that allegedly violated Plaintiff's rights.  *Birrell*, 867 F.2d at 959, *Bellamy,* 729 F.2d at 421.

Plaintiff explicitly states that he sues Defendant Little because he is the TDOC Commissioner and therefore controls TDOC officers.  Docket No. 1.  Plaintiff does not allege, much less does he demonstrate, that Defendant Little personally condoned, encouraged, or

7

participated in the alleged beating by Defendants Hunt and Kruse. Because Plaintiff has failed to allege that Defendant Little personally condoned, encouraged, or participated in the conduct that allegedly violated his rights, Plaintiff cannot hold Defendant Little liable in his individual capacity.

Plaintiff also brings the instant § 1983 claims against Defendant Little in his official capacity. Plaintiff has, however, failed to state a claim with regard to these allegations, for the reasons discussed above.

Because Plaintiff can sustain neither his individual nor his official capacity claims against Defendant Little, Plaintiff's claims against Defendant Little should be dismissed, and Defendant Little should be terminated as a party in this case.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED, and that this action be DISMISSED WITH PREJUDICE with regard to Defendants Bell and Little.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of

---

[1] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie*, 452 U.S. 394, 399 n. 3 (1981); *Pratt vl Ventas, Inc.*, 365 F. 3d 514, 522 (6th Cir. 2004). Additionally, it is unnecessary for the Court to discuss Defendants' arguments under Rule 12(b)(1).

service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                _____
                                                E. CLIFTON KNOWLES
                                                United States Magistrate Judge