**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **JAMES CARTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **CASE NO. 3:10-0058** |
| ) | **JUDGE CAMPBELL/KNOWLES** |
| ) | |
| **RICKY BELL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

On April 8, 2011, the undersigned submitted a Report and Recommendation (Docket No. 115) recommending that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to comply with a previous Court Order. Docket No. 105. That Order required Plaintiff, who is an inmate proceeding pro se, to serve all papers he files in this action upon Defendant Dale Hunt, who is also proceeding pro se. The Report and Recommendation noted that, after the previous Order was entered, Plaintiff submitted a Motion (Docket No. 114) that did not contain a Certificate of Service. Docket No. 115, p. 1. The Report and Recommendation further stated:

> As Defendant has previously pointed out, Plaintiff has continually failed to serve documents upon Defendant. Docket No. 100. A brief review of Plaintiff's filings in this action confirms that virtually none of them contains Certificates of Service. *See, e.g.,* Docket Nos. 12, 42, 48, 59, and 69.

Docket No. 115, p. 1-2.

On April 25, 2011, Plaintiff submitted an undated letter to the Clerk of this Court, the body of which states in full as follows:

I James Carter #258642 been sent motion and do to this Facility
being on lock down, and I'm currently going to court on my kids.

This Correction facility will not let me write Defendant Dale Hunt,
because I tell the mail clerk here its to a staff member. But still
it/motion comes back to me in the mail.

Hopefully I can get some help from the courts on this matter,
please look into this. I've been sending copys to the Defendant,
but they come back so I can't help that.

Docket No. 119.

The referenced letter does not contain a Certificate of Service.

On May 2, 2011, Judge Campbell entered an Order in which he construed Plaintiff's

letter as a Response to the Report and Recommendation. Docket No. 120. That Order states in

relevant part as follows:

Plaintiff indicates in his Response that he has been sending copies
of documents to Defendant Hunt but that they "come back" to him
in the mail. He alleges that the correctional facility will not let him
send documents to Defendant Hunt. Docket No. 119.

Therefore, the Report and Recommendation is rejected and
returned to the Magistrate Judge for further consideration and
decision concerning Plaintiff's ability or inability to effect service
on Defendant Hunt.

Docket No. 120.

On May 4, 2011, Defendant submitted a "Response to Plaintiff's Objections to the

Magistrate Judge's Report and Recommendation that the Civil Rights Lawsuit be Dismissed."

Docket No. 122. It seems apparent that, at the time Defendant Hunt's Response was filed, he

was unaware of Judge Campbell's Order.[1] Nevertheless, Defendant Hunt also treated Plaintiff's

---

[1] In a later filing, Defendant states that his Response was placed in the U.S. Mail on May
3, 2011, before he received Judge Campbell's Order. Docket No. 124, p. 2.

letter as an objection to the Report and Recommendation.

The Court also notes that, after Defendant Hunt received a copy of Judge Campbell's Order, he filed a second document headed "Defendant Hunt's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation that the Civil Rights Lawsuit be Dismissed." Docket No. 124. In that document, Defendant Hunt essentially asks Judge Campbell to reconsider his Order entered May 2, 2011. Docket No. 124, p. 1. For the most part, Defendant Hunt raises the same arguments that he previously raised.

Defendant Hunt makes several very reasonable points in his Response. First, he notes that Plaintiff's statement regarding the facility being locked down and Plaintiff's "going to Court on my kids" is an incomplete sentence that never makes a viable point. Indeed, Plaintiff's letter does not attempt to connect any possible lock down or Court appearances with his failure to provide Certificates of Service on copies of material that he has filed with the Court.

Second, Defendant Hunt notes the inconsistency in Plaintiff's second and third sentences. In the second sentence, Plaintiff avers that the "Correctional facility will not let [him] write Defendant Dale Hunt," because Plaintiff "tell[s] the mail clerk its to a staff member." If staff members will not let Plaintiff write Defendant Hunt or send mail to him in the first instance, however, there would be nothing to "come back" to him in the mail. Moreover, it would seem logical that if the mail clerk will not allow Plaintiff to send material to Defendant because Plaintiff tells the mail clerk the mail is going to a staff member, Plaintiff would simply stop telling the mail clerk that so that his mail would be delivered.

Third, Defendant points out that he has not been a correctional "staff member" since his voluntary retirement on or about July 1, 2010. Docket No. 122. In fact, Defendant Hunt's

retirement on or about July 1, 2010, has been a matter of record in this case since October 4, 2010, when it was mentioned in a Motion filed by Defendant Hunt. Docket No. 75, p. 2. Moreover, Defendant has never been a "staff member" at the facility where Plaintiff is housed. Defendant states that he worked a number of years at Riverbend Maximum Security Institution (which is where the incidents giving rise to this lawsuit occurred) as a state employee. He further points out that the institution where Plaintiff is incarcerated, Whiteville Correctional Facility, is managed by Corrections Corporation of America ("CCA") for the State of Tennessee. The Court finds it difficult to believe that a CCA staff member at Whiteville would not allow an inmate to send legal mail to a retired Defendant who had never worked at Whiteville.

Fourth, as the Court noted in its Report and Recommendation, virtually none of Plaintiff's filings in the case at bar contains Certificates of Service, and the Report and Recommendation identified Docket Nos. 12, 42, 48, 59, and 69 as not containing Certificates of Service. Docket No. 115, p. 1-2. Docket Nos. 12, 42, and 48 were filed with the Court while Plaintiff was still housed at Riverbend. Plaintiff does not argue, however, that personnel at Riverbend would not allow him to send material to Defendant Hunt.

Fifth, Plaintiff's undated letter does not appear to be a Response to the Report and Recommendation. The letter never mentions the Report and Recommendation, nor does it explain why Plaintiff failed to follow the Court's Order when he later submitted a Motion that did not contain a Certificate of Service.

Sixth, as discussed above, Plaintiff's undated letter to the Clerk itself does not contain a Certificate of Service. In fact, it does not appear that Defendant Hunt was even aware of Plaintiff's letter until he telephoned the Clerk's Office on April 28, 2011, apparently simply to

ascertain if or when Plaintiff had filed anything.[2]

Finally, the Court notes that Defendant Hunt has made a number of factual statements in his Responses (Docket Nos. 122, 124) that are based upon information he has received from other sources. The Court will decline to consider those allegations.

For the foregoing reasons, having considered Plaintiff's Objections to the previous Report and Recommendation and Defendant Hunt's Responses to those Objections, the undersigned again recommends that this action be DISMISSED pursuant to Fed. R. Civ. P. 41(b), for Plaintiff's failure to comply with the Court's Order entered March 21, 2011 (Docket No. 105).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge

---

[2] Defendant Hunt states that, when he finds that Plaintiff has filed something with the Court, he must leave his home near the Tennessee/Kentucky state line and travel to the federal court building in Nashville to purchase a copy of Plaintiff's filing. Docket No. 124, p. 2.